No. 4973.

(Court of Appeal, Parish of Orleans.)

## ARMSTRONG DONALDSON vs. GRANTLAND L. TEBAULT.

Carroll, Henderson & Carroll, E. T. Florance, H. G McCall for appellant.

G. L. Tebault, Hall & Monroe for appellee.

GODCHAUX, J.—The property in controversy is wild

swamp land and in the corporeal possession of neither party to the litigation nor their ancestors in title. One Moreau acquired it in 1837, and plaintiff, Donaldson, purchased it in 1908 at the public sale in said Moreau's succession. Although the conveyance records fail to disclose any alienation, conventional or otherwise, by or in the name of Moreau from his acquisition in 1837 to that public sale in 1908, during the whole period the property was never assessed to Moreau for taxation nor did he ever pay any taxes thereon. On the contrary and this is how defendant's title originates, the property was, for four successive years, forfeited to the State of Louisiana for the non-payment of the taxes of 1874, 1875, 1876 and 1877 assessed in the name of one P. S. Wiltz (who never owned it), and the delinquent lists were duly and seasonably placed of record in the conveyance and mortgage offices. Again, under an assessment in the name of said Wiltz for the taxes of 1881, the property was advertised and sold, on July 12, 1884, under the provisions of Act 77 of 1880, to the State and the State's deed from the tax collector was at once registered in the conveyance office. Finally, on May 12, 1904, the State parted with the property through a sale by the Auditor to the defendant, Tebault, under the provisions of Act 80 of 1888, as amended by Act 126 of 1896, and this deed was likewise immediately placed on record.

In this action plaintiff seeks to have defendant's title annulled and canceled and the ground upon which he prays for this relief is a very narrow one. But for the single cause hereafter stated, he admits that the State acquired a good title through the repeated forfeitures and adjudication, notwithstanding that the assessment were in the name of one who was not the owner. Likewise but for this single cause, he admits that the State had authority to and did validly sell the property to the defend-

ant, Tebault, after compliance with all legal formalities. His single cause for complaint is this: That when he purchased in 1908 the conveyance records, upon which he had a right to rely, showed that Moreau, the original proprietor, was still the owner of the property and failed to disclose any alienation, conventional or otherwise, on the latter's part or in the latter's name. In other words, plaintiff claims that his title is protected by the production of a clear conveyance certificate in the name of the record owner, and though conceding that the forfeiture, as well as the deeds to the State and by the State to defendant, were placed of record before his acquisition, he contends that such a record of alienation is wholly insufficient and not binding as to him because it does not disclose the name of the owner whose property is affected.

This contention cannot be sustained under the jurisprudence that has existed since Article 233 of our present Constitution has gone into effect. Many cases arose under which like situation developed as is presented here where, owing to an assessment being made in the name of a person not the owner, there existed two seperate and distinct chains of title to the property running side by side upon the public records, one flowing from the original owner and the other from the tax purchaser, all without the knowledge of the respective claimants thereunder.

Particular reference is made to the case of **Ashley vs. Brandford, 109 La. 641,** and **Lacroix, Administrator, vs. Frederick C. Meyers, et al.,** recently decided by us, in both of which cases the titles of the claimants who acquired from the original owner were rejected, notwithstanding that they acquired when the records show no alienation in the owner's name, but simply tax sales of the property under assessments made in the name of nonowners. Moreover, in these cases a fact, which does not appear here in plaintiff's case, existed, that is, that the claimants under the original owner had been regularly

paying taxes upon the property, notwithstanding its adjudication for taxes. To uphold the contention of plaintiff would be to add another condition to those prescribed by Article 233 for the quieting of tax titles, by now prescribing that in order for the tax purchaser to acquire such a title as he may validly dispose of at will, he must see to it, in some way or other not prescribed by law nor suggested by plaintiff's counsel, that there is placed of record a document wherein it is specifically stated that the owner of the property, naming him, has been deprived of it through a sale for taxes assessed in the name of another. This additional qualification to the provisions of the Constitution, our Supreme Court has not seen fit to make; and, in our judgment, very wisely, because to do so would render Article 233 wholly nugatory in so far as tax sales in the name of one not the owner are concerned.

Entertaining these views, we are of the opinion the judgment of the lower Court dismissing plaintiff's demand is correct, and, accordingly, it is hereby affirmed.

Judgment affirmed.